UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STANLEY D. CROW, and<br>S. CROW COLLATERAL CORP.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00046-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiffs Stanley D. Crow and S. Crow Collateral Corporation (SCCC) sued Defendant United States of America, alleging the Internal Revenue Service (IRS) unlawfully disclosed their tax return information under 26 U.S.C. § 6103. (Dkt. 1). In response, the Government filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. 7). For the reasons discussed below, the Court denies the Government's motion.

## BACKGROUND

Crow is an employee, minority shareholder, and a director of SCCC. (Dkt. 1 at ¶ 20). In November 2015, the IRS informed Crow about a "promoter examination."[1] (*Id*. at ¶¶ 7-8). Thereafter, Crow met with an IRS agent and provided the IRS agent "detailed information about transactions in which SCCC acted as a counterparty." (*Id*. at ¶ 9). Additionally, Crow provided the agent with personal information, including that SCCC "has been and is employ[ing]" Crow and that Crow occasionally works for SCCC remotely from his personal residence. (*Id*.).

In October 2022, the IRS was defending against an action in tax court in which a petitioner was challenging the IRS's "tax treatment of an installment sale" to which SCCC was a counterparty. (Dkt. 1 at ¶ 20). Plaintiffs only identify this action as a tax court action. (*Id.*)

---

[1] Generally, a "promoter examination," "promoter investigation," or a "promoter audit" refers to the IRS's investigation to determine whether a person is liable for penalties under 26 U.S.C. § 6700 for promoting abusive tax shelters. (Dkt. 1 at ¶ 8).

**MEMORANDUM DECISION AND ORDER - 1**

Meanwhile, the IRS identifies it as *Harty v. Comm'r of Internal Revenue Serv.*, No. 23354-21. (Dkt. 7-1 at p. 2).

Plaintiff alleges that, on October 20, 2022, the IRS moved to amend its answer in *Harty* to add the following paragraph containing information about Crow and SCCC:

> Stanley Dean Crow ("Crow") is the President and Director of S Crow Collateral Corporation, EIN: [REDACTED] (hereafter referred to as "SCCC"), located in Crow's personal residence in Boise, Idaho. . . . In 2005, Crow began promoting his Collateralized Installment sales (C453) and later his Monetized Installment sales (M453).

(Dkt. 1 at ¶ 22). Although SCCC's Employer Identification Number (EIN) is redacted in Plaintiffs' complaint in this case, the IRS apparently failed to redact it in *Harty*. (Dkt. 1 at ¶ 19 (noting IRS disclosed SCCC's EIN)). Further, Plaintiffs allege the IRS stated in its October 2022 motion in *Harty* that "the installment sale at issue in [*Harty*] was the subject of an 'ongoing promoter investigation.'" (Dkt. 1 at ¶ 24).

In January 2023, Plaintiffs filed this action, alleging the IRS violated 26 U.S.C. § 6103 by disclosing their confidential return information in *Harty*. (Dkt. 1 at ¶ 25). Specifically, Plaintiffs allege the IRS's unlawful disclosure of their information included, but is not limited to, Crow's identity; "he is the subject of a promoter examination"; "he at times works remotely, from his personal residence, for SCCC"; "SCCC was 'located in Crow's personal residence in Boise, Idaho"; and SCCC's EIN. (*Id.* at ¶¶ 19, 25). Further, Plaintiffs allege the IRS's alleged unlawful disclosures were willful because, among other reasons, Plaintiffs requested the IRS withdraw the filing in *Harty*, but it did not. (Dkt. 1 at ¶ 35).

Based on the IRS's disclosures in *Harty*, Plaintiffs allege a claim for relief under 26 U.S.C. § 7431, which creates a private right of action for the knowing or negligent disclosure by an officer or employee of the United States of "any return or return information with respect to a taxpayer in violation of [26 U.S.C. § 6103]." 26 U.S.C. § 7431(a)(1). Further, Plaintiffs seek punitive damages in the amount of $500,000. *See* 26 U.S.C. § 7431(c)(1)(B) (providing for punitive damages under certain circumstances). In response, the IRS moves to dismiss Plaintiffs' complaint under Rule 12(b)(6) for failure to state a claim.

## LEGAL STANDARD

A dismissal pursuant to Rule 12(b)(6) is appropriate where a complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil

Procedure 8(a)(2) requires only a short and plain statement of the claim, showing the pleader is entitled to relief and giving the defendant fair notice of what the claim is and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." *Id.*

To survive a Rule 12(b)(6) motion, a plaintiff's allegations must provide enough factual basis which, taken as true, state a plausible claim for relief. *Twombly*, 550 U.S. at 556. A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw a reasonable inference the defendant is liable for the alleged misconduct. *Id.* at 556. The plausibility standard is not akin to a "probability requirement" and requires more than a mere possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

In addressing a Rule 12(b)(6) motion, a court generally only considers the complaint's well-pled allegations. *Twombly*, 550 U.S. at 555. When a party presents matters outside the pleadings and the court does not exclude them, it converts a Rule 12(b)(6) motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). In this case, the IRS cites to SCCC's website and the website of the Idaho Secretary of State in support of its Rule 12(b)(6) motion. (Dkt. 7 at pp. 2, 5). The IRS argues these websites publicly disclose certain information which Plaintiffs characterize as confidential. The IRS, however, neither argues nor provides any legal authority that an exception to the general rule allows this Court to consider these websites without converting the IRS's Rule 12(b)(6) motion into a summary judgment motion under Rule 56. Accordingly, the Court declines to consider matters outside the pleadings, including the websites the IRS cites, to resolve the Government's motion to dismiss.

## ANALYSIS

Relying on Rule 12(b)(6), the IRS asserts Plaintiffs failed to state a claim for relief under 26 U.S.C. § 6103. (Dkt. 7). Section 6103 provides the general rule that "returns and return information shall be confidential" and that "no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his

MEMORANDUM DECISION AND ORDER - 3

service as such an officer or an employee. . . ." 26 U.S.C. § 6103(a)(1). Section 6103 defines "return information" broadly to mean:

> [A] taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

26 U.S.C. § 6103(b)(2)(A).

In construing § 6103, the Ninth Circuit has held that "Congress sought to prohibit only the disclosure of *confidential* tax return information." *Lampert v. United States*, 854 F.2d 335, 338 (9th Cir. 1988) (emphasis added). For this reason, "[o]nce tax return information is made a part of the public domain, the taxpayer may no longer claim a right of privacy in that information." *Id.* Accordingly, "once information is lawfully disclosed in court proceedings, § 6103(a)'s directive to keep return information confidential is moot."[2] *Lampert*, 854 F.2d at 338. This rule that information's prior disclosure in a judicial proceeding moots the application of § 6103 to the information applies even if the taxpayer challenging the IRS's disclosure initiated the judicial proceeding. *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1489 (9th Cir. 1991). Indeed, the disclosure of information in a taxpayer-initiated judicial proceeding "lends additional strength" to the conclusion "the information is no longer confidential." *Id.*

### A. Confidential Nature of Disclosed Return Information

In this case, Plaintiffs allege the IRS disclosed the following confidential return information: (1) SCCC's EIN, (Dkt. 1 at ¶ 23); (2) "the installment sale at issue in the [*Harty*] case was the subject of an 'ongoing promoter investigation,'" (*id.* at ¶ 24); (2) Crow's identity;

---

[2] Contrary to *Lampert v. United States*, 854 F.2d 335 (9th Cir. 1988), other circuit courts have concluded that "if the immediate source of the information claimed to be wrongfully disclosed is tax return information . . . the disclosure violates § 6103, *regardless* of whether the information has been previously disclosed (lawfully) in a judicial proceeding and has therefore arguably lost its taxpayer 'confidentiality.'" *Johnson v. Sawyer*, 120 F.3d 1307, 1318-19 (5th Cir. 1997) (noting disagreement with Sixth and Ninth Circuit and agreement with Fourth, Seventh, and Tenth Circuit). Plaintiffs urge this Court to apply the immediate source test in this case. (Dkt. 10 at p. 7). This Court, however, is bound by Ninth Circuit precedent, including *Lampert*.

(3) Crow is the subject of a promoter examination; (4) Crow "at times works remotely, from his personal residence, for SCCC"; and (5) SCCC is located in Crow's personal residence in Boise.[3] (*Id.* at ¶ 25). Additionally, Plaintiffs assert in opposition to the IRS's Rule 12(b)(6) motion that the IRS improperly disclosed in its supporting brief that "there is an 'ongoing promoter investigation' of *SCCC* (as opposed to [Crow])." (Dkt. 10, p. 7).

The IRS does not dispute it disclosed Plaintiffs' "return information" in *Harty*. Rather, it argues that the disclosed information is not confidential because it is already "a matter of public record." (Dkt. 7-1). In support, the IRS cites numerous cases in which courts have addressed disputes between Crow, SCCC, and the IRS. The IRS is correct that certain information Plaintiffs contend is confidential return information has been disclosed in prior court proceedings.

For example, in *S. Crow Collateral Corp. v. United States*, Case Nos. 1:17-mc-09828-EJL-REB, 1:17-mc-09829-EJL-REB, 2018 WL 2454630 (D. Idaho Jan. 29, 2018), Crow petitioned to quash IRS summonses. *Id.* at *1. In recommending that the district court grant the government's motion to dismiss Crow's petition, the magistrate court found "Crow is the president of SCCC and owns 47% of its shares." *Id.* Further, the magistrate court noted "the IRS 'is conducting an examination of [Crow] to determine whether he is liable for civil penalties . . . for promoting abusive tax schemes,'" *id.* at *1, 4, and found "Crow is the subject of an ongoing IRS examination." *Id.* at *8. The district court adopted the magistrate court's report, and on appeal, the Ninth Circuit affirmed and, likewise, noted the IRS "is currently investigating whether [Crow] violated the law by promoting abusive tax schemes." *S. Crow Collateral Corp v. United States*, 782 Fed. App'x 597, 598 (9th Cir. 2019).

In August 2021, Crow and SCCC intervened in another case to petition to quash IRS summonses. *United States v. Vaught*, No. 1:18-cv-00452-DCN, 2021 WL 3639414, at *1 (D. Idaho, Aug. 16, 2021). In addressing that petition, the district court noted the IRS was investigating both Crow *and* SCCC. *Id.* ("[T]he IRS is assessing whether the installment sales transactions prompted by Crow and his company, SCCC, qualify as tax shelters subject to

---

[3] The IRS's amended answer refers to Crow as the President and Director of SCCC and alleges that "in 2005, Crow began promoting his Collateralized Installment sales (C453) and later his Monetized Installment sales (M453)." (Dkt. 1 at ¶ 22). Whether Plaintiffs contends this information is confidential return information, however, is unclear. They do not address this information in opposition to the IRS's motion to dismiss.

**MEMORANDUM DECISION AND ORDER - 5**

registration and disclosure requirements."). Even more recently, in May 2022, the court described a case Crow brought against the IRS under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as "another chapter in the IRS's seven-year-long examination of [Crow] *and* his company, [SCCC's] business activities to determine whether he has been promoting abusive tax shelters and should be subject to penalties."[4] *Crow v. IRS*, No. 1:20-cv-00518-DCN, 2022 WL 1605265, at *1 (D. Idaho May 20, 2022) (emphasis added).

Based on these public disclosures in prior judicial proceedings, Plaintiffs cannot dispute that the IRS has in fact pursued a promoter investigation--which courts have repeatedly characterized as against both Crow and SCCC--or that this investigation is disclosed in numerous judicial proceedings as discussed above. Further, Plaintiffs cannot credibly dispute Crow's identity has not already been disclosed in connection with a promoter investigation before the IRS's amended answer in *Harty*. Crow's identity, including that he is SCCC's president and shareholder, has not previously been disguised in any manner in the judicial proceedings.

Further, Plaintiffs' own allegations cast doubt on their assertion the IRS improperly disclosed in *Harty* that a promoter investigation is "ongoing" against Crow, SCCC, or both. (Dkt. 10 at p. 4). In support, Plaintiffs assert they were unaware the promoter investigation was ongoing and argue "it was not previously known [in October 2022 that the] investigation was 'ongoing,' if it was." (*Id.*). Plaintiffs, however, do not clearly allege the IRS disclosed in *Harty* an ongoing investigation against either Crow or SCC.

Rather, the only allegation in Plaintiffs' complaint about an "ongoing" investigation is that "the IRS further stated in its motion for leave that *the installment sale at issue* in the [*Harty*] case *was the subject* of an 'ongoing promoter' investigation." (Dkt. 1 at ¶ 24 (emphasis added)). Contrary to Plaintiffs' arguments, this allegation indicates (albeit nonsensically) that the "ongoing" investigation is against "the installment sale" at issue in the *Harty* case. That the IRS had an

---

[4] Plaintiffs argue the IRS's citation to Crow's FOIA lawsuit to show the IRS's investigation into both Crow and SCCC is already in the public domain is "troubling" because the IRS attempts to use Crow's "previous defense of his legal rights as a sword against him in this proceeding." (Dkt. 10 at p. 5). The Ninth Circuit, however, has ruled that, regardless of whether the taxpayer initiates the judicial proceeding, the information disclosed in the case is no longer confidential. *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1489 (9th Cir. 1991) (noting fact that taxpayer initiated judicial proceeding "lends additional strength" to conclusion "the information is no longer confidential").

**MEMORANDUM DECISION AND ORDER - 6**

ongoing investigation about the installment sale which is the subject of *Harty* is self-evident based on the ongoing litigation addressing that sale. If this allegation correctly describes the IRS's disclosure in *Harty*, then it fails—without more facts—to assert a violation of § 6103 for disclosing an ongoing promoter investigation against either Crow, SCCC, or both.

Regardless of Plaintiffs' failure to allege a disclosure of an ongoing investigation against them and regardless of the disclosures in prior judicial proceedings of some of the allegedly confidential information, Plaintiffs' complaint succeeds in stating a claim for relief with respect to certain other allegedly confidential return information. This information includes, for example, SCCC's EIN, that Crow works remotely from his personal residence, and that SCCC is located at that residence.

The IRS does not challenge Plaintiffs' assertion that this information is "return information" as defined by § 6103(b)(2)(A). Specifically, the IRS does not provide any legal authority articulating what information qualifies as "return information." At least some case law suggests "return information" is, indeed, very broadly defined to include information which is often generally readily available. *Cf. Johnson v. Sawyer*, 120 F.3d 1307, 1325-26 (5th Cir. 1997) (involving challenges to IRS's disclosure of taxpayer's age, home address, middle initial, and occupation). Absent authority that information such as SCCC's EIN, Crow's work habits, and SCCC's location does not qualify as "return information" or absent proof the information had already been disclosed in the public domain before *Harty*, Plaintiffs' complaint states a claim for relief for violation of § 6103--at least regarding this alleged confidential "return information" not previously disclosed in judicial proceedings.

### B. Transactional Relationship Test

The IRS fails to show 26 U.S.C. § 6103(h) authorized its disclosure of return information. Section 6103(h) provides that "a return or return information may be disclosed in a Federal or State jurisdiction or administrative proceeding pertaining to tax administration, but only . . . if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." 26 U.S.C. § 6103(h)(4)(C). This provision permits the IRS's disclosure of return information if four requirements are met:

> (1) disclosure occurs in the course of a judicial or administrative tax proceeding;
> (2) a party to the proceeding has a transactional relationship to the taxpayer whose return information is disclosed; (3) the transactional relationship directly affects the

**MEMORANDUM DECISION AND ORDER - 7**

resolution of the proceeding; and (4) the disclosure directly relates to the transactional relationship between the party and the taxpayer.

*Datamatic Servs. Corp. v. United States*, No. C-86-6447 EFL, 1987 WL 28603, at *4 (N.D. Cal. Dec. 18, 1987); *see also Lebaron v. United States*, 794 F. Supp. 947, 952 (C.D. Cal. 1992) ("The disclosure need only affect 'an' issue in the tax proceeding, not every issue").

Although *Harty* case is a judicial proceeding and allegedly involves installment sales between Harty and SCCC, the Court has no basis to conclude the information the IRS disclosed in *Harty* "directly relates" to the transactional relationship between Harty and SCCC. Further, the Court has no basis to conclude this information "directly affects" the resolution of an issue in *Harty*. Accordingly, the IRS fails to show § 6103(h)(4)(C) authorized its disclosure of Plaintiffs' allegedly confidential return information in *Harty*.

## ORDER

**IT IS HEREBY ORDERED:**

The United States' Motion to Dismiss Complaint for Failure to State Claim (Dkt. 7) is **DENIED**.

DATED: September 28, 2023

Amanda K. Brailsford
U.S. District Court Judge