UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STANLEY D. CROW, an individual, and S.CROW COLLATERAL CORP., an Idaho corporation,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:23-cv-00046-AKB

**ORDER DISMISSING PLAINTIFF S. CROW COLLATERAL CORP.**

On July 27, 2026, the Court granted counsel for Plaintiff S.Crow Collateral Corp.'s (SCCC) motion to withdraw (Dkt. 61). Because SCCC is a corporation that cannot proceed without counsel, the Court provided SCCC with twenty-one days to file written notice with the Court stating how and by whom it would be represented (*id.* at 3); *see* Dist. Idaho Loc. Civ. R. 83.4(d). In that Order, the Court cautioned that failure to obtain new counsel "will be sufficient grounds for . . . dismissal of the action with prejudice and without further notice" (Dkt. 61 at 3). That deadline was later extended to September 17 after SCCC President Jon Vicars requested an extension to obtain new counsel (Dkt. 64). The order granting an extension also advised that failure to retain counsel could result in dismissal with prejudice (*id.*).

Under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may sua sponte dismiss an action if the plaintiff fails to prosecute or comply with a court order. Courts weigh five factors in determining whether to dismiss: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) the availability of less drastic alternatives, and (5) the public policy favoring disposition of cases on

the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). A court must also provide notice that dismissal is imminent. *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).

First, the public's interest in expeditious resolution of litigation weighs in favor of dismissal. The Ninth Circuit has explained that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Further, SCCC's failure to comply with the Court's order and failure to appear has prevented the case from moving forward, weighing in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "District courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). SCCC has twice been told it can only proceed through counsel and has had months to retain counsel; yet SCCC terminated its counsel and failed to obtain new counsel. SCCC's inaction has hindered the Court's ability to manage its docket, consuming resources that could be devoted to other cases, also weighing in favor of dismissal.

The risk of prejudice to defendants also weighs in favor of dismissal. To determine whether a defendant has been prejudiced, the court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Whether prejudice supports a dismissal is "in part judged with reference to the strength of the plaintiff's excuse for the default." *Id.* SCCC has not appeared with newly appointed counsel or explained why it has not followed the Court's orders and local rule. Notably, given the pending motion to dismiss and the consolidated appeal in *Harty v. Commissioner*, No. 25-7765 (9th Cir.) and *Stillahn v. Commissioner*, No. 25-

460 (9th Cir.), the parties agreed to stay this matter until they were resolved (Dkt. 55); but where an entity-plaintiff is unable to retain counsel to take legal action, as is the case here, the Defendant should not be forced to defend against legal action. There is sufficient risk of prejudice to the Defendant to weigh in favor of dismissal.

The availability of less drastic alternatives weighs in favor of dismissal. A district court's warning to a plaintiff that failure to comply with a court order will result in dismissal can satisfy the "consideration of alternatives" requirement. *Malone*, 833 F.2d at 132. The Court advised SCCC on July 27 and August 18, 2026, that it could not appear in this action without being represented by an attorney, citing Local Rule 83.4(d), and warned of dismissal with prejudice and without notice if counsel was not retained. The Court warned SCCC in both Orders that failure to appear within twenty-one days of service would result in dismissal with prejudice in accordance with local rule (Dkt. 61; Dkt. 64). This warning satisfies the requirement to consider alternatives.

The public policy favoring the disposition of cases on the merits normally weighs against dismissal. *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228. "This factor 'lends little support' to a party, however, whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* Moreover, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, this factor weighs against dismissal, but lends little support where SCCC has failed to move the case forward.

Considering the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to defendants, the availability of less drastic alternatives, and the public policy favoring disposition of cases on their merits, the Court finds that dismissal

of SCCC's claims, without prejudice, is appropriate. Consequently, the pending motion to dismiss (Dkt. 44) is denied as moot.[1]

**IT IS HEREBY ORDERED that:**

1. Plaintiff S.Crow Collateral Corp.'s claims are **DISMISSED WITH PREJUDICE**.

2. The Government's Motion to Dismiss (Dkt. 44) is **DENIED AS MOOT**.

DATED: October 08, 2026

Amanda K. Brailsford
U.S. District Court Judge

[1] The Court notes that Plaintiff Stanley D. Crow's successor is yet to be served in accordance with Rules 4 and 25. Accordingly, Crow's claims remain pending and are not affected by the dismissal of SCCC. In the event his successor files a motion to substitute, the Government may renew its motion to dismiss.